Filed 3/4/21  P. v. Luft CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN LEE LUFT,<br><br>    Defendant and Appellant. | E074830<br><br>(Super.Ct.No. SWF1403253)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Elaine M. Kiefer, Judge. Affirmed as modified.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Kristen Chenelia and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

<u>INTRODUCTION</u>

Defendant and appellant Brian Lee Luft contends his prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)) should be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.).  The People concede, and we agree.

<u>PROCEDURAL BACKGROUND</u>

A jury convicted defendant of two counts of inflicting corporal injury on his spouse (§ 273.5, subd. (a)), four counts of criminal threats (§ 422), and one count of dissuading a witness (§ 136.1, subd. (b)(1)).  The jury also found a knife-use enhancement true.  (§§ 1192.7, subd. (c)(23), 12022, subd. (b)(1).)  Defendant admitted the allegations that he had a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), a prior serious felony conviction (§ 667, subd. (a)), and a prison prior (§ 667.5, subd. (b)).  On September 30, 2016, the court sentenced him to a total of 21 years in state prison, including time for the prior strike and prior serious felony.  (*People v. Luft* (Apr. 26, 2019, E067082) [nonpub. opn.].)  The court imposed but stayed the one-year term on the prison prior.

Defendant appealed, and this court affirmed the judgment but remanded the case for the trial court to correct the abstract of judgment and to exercise its discretion to dismiss defendant's prior serious felony conviction pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.).  (*People v. Luft*, *supra*, E067082, pp. 20-21.)

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

The trial court held a hearing on January 27, 2020, and declined to dismiss the prior serious felony conviction based on defendant's criminal history and pattern of engaging in violent criminal acts.

Defendant filed a timely notice of appeal.

DISCUSSION

The Prior Prison Enhancement Must Be Stricken

Defendant contends the one-year term imposed under section 667.5, subdivision (b), must be stricken pursuant to Senate Bill No. 136 since his case was not yet final when Senate Bill No. 136 went into effect on January 1, 2020. The People concede, and we agree.

A. *Senate Bill No. 136 Applies to Defendant's Case*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) "Effective as of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amends section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*Ibid*.) The statute is retroactive and applies to cases not yet final as of its effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Winn* (2020) 44 Cal.App.5th 859, 872.) The People correctly concede that Senate Bill No. 136 applies

3

since defendant's case was not yet final on January 1, 2020, and his prior prison term enhancement was for a spousal abuse conviction (§ 273.5, subd. (a)), which is not a sexually violent offense.

Accordingly, we will modify the judgment by striking the prior prison term enhancement and affirm the judgment as modified. We note that generally when part of a sentence is stricken, the case is remanded " 'so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, because the prison prior enhancement here was stayed, striking it will have no effect on defendant's sentence. Thus, we see no reason to remand the case for resentencing. We also note that the matter was previously remanded for the trial court to correct the abstract of judgment to reflect that defendant was sentenced to the low term rather than the middle term on count 7. (*People v. Luft*, *supra*, E067082.) Upon correction, the clerk apparently neglected to list the prior prison term enhancement on the amended abstract of judgment. Thus, there is no need to amend the abstract of judgment to reflect the modified judgment.

## DISPOSITION

The judgment is modified to strike defendant's one-year prison prior enhancement.  (§ 667.5, subd. (b).)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                              J.


We concur:


McKINSTER _____
              Acting P. J.


SLOUGH _____
              J.